# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

| | |
|---|---|
| BOYD, KENVA,<br><br>　　　Plaintiff,<br><br>v.<br><br>FIRST ACCEPTANCE INSURANCE COMPANY, INC. et al.,<br><br>　　　Defendants. | Case # 1:24-cv-00299 |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant First Acceptance Insurance Company, Inc. (hereinafter, "First Acceptance"), appearing solely for purposes of filing this notice, reserving all rights, defenses, exceptions and claims and without waiver thereof, hereby removes to this Court the state-court action described below pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, on the following grounds:

　　　1.　　This civil action falls under this Court's original jurisdiction under 28 U.S.C. §1332 (diversity of citizenship) and may be removed to this Court under 28 U.S.C. § 1441 *et seq*. as the amount in controversy exceeds $75,000.00, exclusive of interest and costs, and the Defendant, First Acceptance, is of completely diverse citizenship to the Plaintiff.

　　　2.　　Removal of this action to this Court is proper under 28 U.S.C. § 1446(a) because this Court is the United States District Court for the Southern District and Northern Division, which covers the County where the removed state-court action was pending.  Because the Complaint was filed in the Circuit Court of Dallas County, Alabama, this District and Division is the proper venue for this action upon removal pursuant to 28 U.S.C. § 1441(a).

3. As required by 28 U.S.C. § 1446(a), the following documents are attached hereto and are incorporated herein by reference:

- Exhibit 1: Index of matters being filed;
- Exhibit 2: Pleadings asserting causes of action filed in the state-court action;
- Exhibit 3: Copies of all process, pleadings and orders served in the case;
- Exhibit 4: The docket sheet of the state-court action;
- Exhibit 5: NAIC Company Summary; and
- Exhibit 6: First Acceptance Declarations Page.

4. This notice of removal is filed pursuant to 28 U.S.C. § 1446(b)(1), as Defendant First Acceptance removes this matter within 30 days of the receipt of the initial pleading setting forth the claim or relief upon which such action or proceeding is based. Defendant First Acceptance was served with the Complaint on July 27, 2024. (Exhibit 3, State Court Filings at p. 6).

## I. STATEMENT OF FACTS

5. The Plaintiff, Kenva Boyd ("Ms. Boyd"), initiated this action on July 23, 2024, with the filing of her Complaint styled *Kenva Boyd v. First Acceptance Ins. Co., et al* (being certain fictitious parties), 27-CV-2024-900202.00, pending in the Circuit Court of Dallas County, Alabama. (Exhibit 2, Complaint).

6. Ms. Boyd, specifically alleges in her Complaint that she is a resident of Selma, Dallas County, Alabama, and that she was insured under a policy of insurance issued by First Acceptance. (Exhibit 2, Complaint at ¶¶ 2; 6).

7. First Acceptance is a corporation organized under the laws of Texas with its principal place of business in Tennessee. It is therefore considered a citizen of both Texas and

Tennessee for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(1). (Exhibit 5, NAIC Company Summary).

8. The underlying event that serves as the basis of this lawsuit is an August 14, 2023, automobile accident and First Acceptance's rejection of Ms. Boyd's insurance claim arising out of the same. (Exhibit 2, Complaint).

9. The Complaint filed by Ms. Boyd alleges bad faith against First Acceptance (Count One), Wantonness against First Acceptance (Count Two), and Bad Faith and Wantonness against fictitious parties (Count Three). (Exhibit 2, Complaint).

10. The Complaint filed by Ms. Boyd demands $100,000.00 in damages against First Acceptance for Count One, $500,000.00 in damages against First Acceptance for Count Two, and an unspecified amount in compensatory and punitive damages against fictitious defendants for Count Three. (Exhibit 2, Complaint).

## II. JURISDICTION

11. The Court has diversity jurisdiction over this case. Pursuant to 28 U.S.C. § 1332, District Courts have "original jurisdiction of all civil cases where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interests and costs, and is between … citizens of different States." Defendant petitions for removal pursuant to 28 U.S.C. § 1446(b)(1) based on the Plaintiff's Complaint as the basis for removal regarding the amount in controversy.

### A. There is Complete Diversity between the Parties to this Action.

12. First, pursuant to the Supreme Court's holding in *Strawbridge v. Curtiss*, 7 U.S. 267 (1806), there must be complete diversity between the parties in order for a district court to have subject matter jurisdiction. "A district court may exercise diversity jurisdiction only if there is complete diversity between the parties, that is, no two adverse parties are citizens of the same

state." *Ranbaxy Labs. Inc. v. First Databank, Inc.*, 826 F.3d 1334, 1338 (11th Cir. 2016) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978)).

13. Second, pursuant to 28 U.S.C. § 1441(b)(1), "[i]n determining whether a civil action is removable on the basis of [diversity jurisdiction], the citizenship of defendants sued under fictitious names shall be disregarded."

14. As set forth herein above, Plaintiff is a resident citizen of Alabama and Defendant First Acceptance is a Texas corporation with its principal place of business in Tennessee. Therefore, complete diversity of citizenship exists between the parties.

### B. The Amount in Controversy Meets this Court's Jurisdictional Threshold.

15. First, pursuant to 28 U.S.C. § 1446(c)(2), "[i]f removal of a civil action is sought on the basis of [diversity jurisdiction], the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy [...]." See also *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 84 (2014).

16. Ms. Boyd's *ad damnum* clauses in each Count against First Acceptance, the only named Defendant, demand a sum in excess of $75,000.00. Specifically, the *ad damnum* clauses of Ms. Boyd's Complaint against First Acceptance state as follows:

> WHEREFORE, Plaintiff demands judgment against Defendants in such an amount of compensatory damages as a jury may award and her costs, which currently amounts to a sum certain of $100,000.00. (Exhibit 2, Complaint, Count One— Bad Faith).

> WHEREFORE, Plaintiff demands judgment against Defendant in such an amount of compensatory damages as a jury may award; a separate amount of punitive damages; and her costs, which currently amounts to a sum certain of $500,000.00. (Exhibit 2, Complaint, Count Two—Wantonness).

17. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co.*,

574 U.S. 81, 89 (2014). Here, the Complaint specifically demands judgment against First Acceptance for $100,000.00 (Bad Faith) and $500,000.00 (Wantonness). Although it appears by the face of the Complaint that costs *may* be included in those figures, it is undeniably clear that the Ms. Boyd is seeking combined punitive and compensatory damages in an amount in excess of $75,000.00. As to Count Two, if the intent of Ms. Boyd's *ad damnum* clause is to allege $500,000.00 in costs, then considering such a high amount in costs, there is unquestionably more than $75,000.00 in controversy in punitive and compensatory damages.

18. "[A] removing party is not required to prove the amount in controversy beyond all doubt or banish all uncertainty about it." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 754 (11th Cir. 2010). Instead, "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061–62 (11th Cir. 2010) (quoting *Pretka*, 608 F.3d at 754). In doing so, "a district court need not suspend reality or shelve common sense in determining whether the face of a complaint . . . establishes the jurisdictional amount," but instead may "use their judicial experience and common sense." *Id.* at 1062 (citations and quotations omitted). Here, it is apparent that the specific damages pled in the Complaint are in excess of $75,000.00, regardless of whether costs are included in Plaintiff's demands of $100,000.00 and $500,000.00.

19. Based on Ms. Boyd's allegations that First Acceptance acted wantonly and in bad faith in rejecting Ms. Boyd's insurance claim, coupled with the amount specifically pled in damages, there is "a plausible allegation" that the amount in controversy exceeds $75,000.00 at the time of removal under 28 U.S.C. § 1332(a). *See Dart Cherokee Basin Operating Co.*, 574 U.S. at 89.

20. Here, in applying "common sense and judicial experience," this Court should find that the amount in controversy arising from Plaintiff's claims satisfies the jurisdictional threshold on diversity grounds. The Eleventh Circuit has explained why the use of "common sense and judicial experience" concerning claims asserted is necessary, and not just beneficial, particularly with respect to the more nebulous and indefinite damages that may be awarded in connection with punitive damage claims:

> Sometimes, when a plaintiff's allegations are viewed in light of the award factors … it will be clear that the jurisdictional minimum is likely met. In such circumstances, preventing a district judge from acknowledging the value of the claim, merely because it is unspecified by the plaintiff, would force the court to abdicate its statutory right to hear the case. This rule would reward plaintiffs for employing the kinds of manipulative devices against which the Supreme Court has admonished us to be vigilant. *Pretka*, 608 F.3d at 766.
>
> For instance, a plaintiff could "defeat federal jurisdiction simply by drafting his pleadings in a way that did not specify an approximate value of the claims and thereafter provide the defendant with no details on the value of the claim." *Id*. Plaintiffs skilled in this form of artful pleading could, with this "trick," simply "make federal jurisdiction disappear." *See id*. Indeed, if courts were to rely solely on a plaintiff's damage statements, as [the plaintiff] suggests, it is difficult to imagine a punitive damages suit that could be removed against a plaintiff's wishes. Both policy and precedent counsel against rewarding such obfuscating tactics.
>
> Thus, when a district court can determine, relying on its judicial experience and common sense, that a claim satisfies the amount-in-controversy requirements, it need not give credence to a plaintiff's representation that the value of the claim is indeterminate. Otherwise, a defendant could wrongly be denied the removal to which it is entitled.

*Roe*, 613 F.3d at 1064.

21. In the matter at hand, punitive damages are recoverable under the wanton conduct claim set forth in the Complaint. *Ala. Code* § 6-11-20(1)("Punitive damages may not be awarded in any civil action, except civil actions for wrongful death pursuant to Sections 6-5-391 and 6-5-

410, other than in a tort action where it is proven by clear and convincing evidence that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff."); *Liberty Nat. Life Ins. Co. v. Sanders*, 792 So. 2d 1069, 1078 (Ala. 2000)("Punitive damages must be supported by clear and convincing evidence "that the defendant consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to the plaintiff."); *Magic Home Builders, Inc. v. Jolly*, 539 So. 2d 303, 305 (Ala. Civ. App. 1988)("A party may recover punitive damages in Alabama if he shows that he suffered at least nominal damages and that the acts of which he complains were committed with malice, willfulness, or wanton and reckless disregard of the rights of others.")

22. Courts also considered the fact of whether the plaintiff is seeking punitive damages, particularly in cases where the defendant is a relatively large company. Specifically, in *Pullum v. Ford Motor Co.*, 2019 WL 2578948 (M.D. Ala. 2019), the plaintiff sued Ford based upon a faulty "Powershift Transmission," which resulted in the plaintiff's vehicle not running properly. *Id*. at 1. The plaintiff asserted claims of fraud, fraud in the inducement, breach of express warranty, breach of implied warranty and violation of the Magnuson-Moss Warranty Act. *Id*. Ford removed the case based on the fact that the plaintiff "did not expressly disclaim damages over $75,000.00" and based upon the fact that the plaintiff "claims punitive damages against a large company." *Id.* In determining that Ford had carried its burden in satisfying the amount in controversy requirement, the court first addressed the fact that the plaintiff refused to expressly disclaim damages in excess of $75,000.00:

> Some courts in this Circuit have required that a plaintiff expressly disclaim entitlement to $75,000.00 or more in the complaint in order to avoid removal. *See, e.g., Jones v. Hartford Fire Ins. Co.*, 2013 WL 550419, *1 (N.D. Ala. 2013); *Smith v. State Farm Fire and Cas. Co.*, 868 F.Supp.2d 1333, 1335 (N.D. Ala. 2012). While such a categorical approach has been rejected by other courts, the absence of such stipulations is still a persuasive consideration. *See Townsend v. Win-Holt Equip.*

> *Corp.*, 2018 WL 4608476, *2 (M.D. Ala. 2018) ("Although a plaintiff's refusal to stipulate that damages do not exceed $75,000.00 does not alone establish the amount in controversy, ... the court may consider such refusal as evidence that the amount in controversy is met." (internal citations and quotations omitted)).

*Pullum.*, 2019 WL 2578948, at *2; *see also Sullins v. Moreland*, 2021 WL 54206 at *7 (M.D. Ala. 2021) ("the Court finds that the failure to stipulate is relevant, but not dispositive, as to whether the amount in controversy is present"). The court then turned to the fact that the plaintiff was seeking punitive damages against a large company.

> Additionally, where a removing defendant alleges that a plaintiff's claim for punitive damages satisfies the amount in controversy, "[the defendant] need only prove the jurisdictional facts necessary to establish that punitive damages in an amount necessary to reach the jurisdictional minimum are at issue—that is, that such damages *could* be awarded." *McDaniel v. Fifth Third Bank*, 568 Fed.Appx. 729, 731 (11th Cir. 2014) (emphasis original) (holding that the jurisdictional amount was satisfied by looking to the maximum possible recovery of punitive damages permitted by statute). Further, when considering claims for punitive damages against large companies, it is clear that "any award that is soundly and honestly calculated to punish and deter [a large company's] wanton behavior ... would have to be substantial." *Roe v. Michelin N. Am. Inc.*, 637 F.Supp.2d 995, 998 (M.D. Ala. 2009), *aff'd*, 613 F.3d 1058 (11th Cir. 2013).

*Pullum v*, 2019 WL 2578948, at *2. Concerning the issue of the amount of punitive damages that *could* be awarded against Ford, the Court noted that the only restriction on the amount of punitive damages that could be awarded was as follows:

> At this point, it appears to the Court that the only applicable restriction on punitive damages comes from *Ala. Code* § 6-11-21 (a), which states that "no award of punitive damages shall exceed three times the compensatory damages of the party claiming punitive damages or five hundred thousand dollars ($ 500,000), whichever is greater."

*Pullum*, 2019 WL 2578948, at *3. Taking into account that the plaintiff did not expressly disclaim recovery in excess of $75,000.00 and that a punitive damage award was sought against a large company, which *could*, in and of itself, satisfy the amount in controversy requirement, the Court determined that Ford carried the necessary burden:

> In looking to [the plaintiff's] complaint, the Court is satisfied that the Defendant has proved the requisite amount in controversy by a preponderance of the evidence. … The absence of a disclaimer relating to her state-law claims or her overall recovery is persuasive under these circumstances.
>
> Additionally, [the plaintiff] requests punitive damages against Ford Motor Company in four of her claims. As noted in *Roe*, if the Court were to award punitive damages against a company as large as Ford, that award would need to be substantial—certainly in excess of the $75,000.00 threshold. And here, following the Eleventh Circuit's logic in *McDaniel*, such a large award of punitive damages *could* be awarded. … Accordingly, Pullum's claims for punitive damages against Ford combined with her failure to disclaim damages over $75,000.00 establishes the amount-in-controversy requirement. Therefore, the Defendant has carried its burden.

*Pullum*, 2019 WL 2578948, at *2–3.

23. Ms. Boyd demands judgment against First Acceptance for a total of $600,000.00, including costs. Any compensatory damage award may also include damages for mental anguish and emotional distress. Furthermore, as noted above, Ms. Boyd seeks to recover punitive damages in this action.

24. In utilizing its "judicial experience and common sense", this Court should find that, based on Ms. Boyd's contentions, causes of action, and claims for damages, the amount in controversy exceeds the jurisdictional amount of more than $75,000.00.

25. Finally, Ms. Boyd did not expressly disclaim recovery in excess of $75,000.00. Rather, she demanded judgment of $100,000.00 for Count One and $500,000.00 for Count Two. Based on these facts and the applicable law, as set forth above, First Acceptance has established by a preponderance of the evidence that the amount in controversy exceeds $75,000.00.

### III. PROCEDURAL NOTICE

26. Promptly after filing this Notice of Removal with this Court, First Acceptance will give notice of the removal to all adverse parties and will file a Notice of Removal with the Circuit

Court of Dallas County, Alabama, to affect the removal of this action to this Court, all in conformity with 28 U.S.C. § 1446(d).

27.　No previous application has been made for the relief requested herein.

28.　If any question arises regarding the propriety of the removal of this action, First Acceptance respectfully requests this Court the opportunity to present a brief and/or oral argument in support of its position that this case is removable.

29.　First Acceptance reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant First Acceptance Insurance Company hereby gives notice that the above-entitled action is removed from the Circuit Court of Dallas County, Alabama, to the United States District Court for the Southern District of Alabama, Northern Division.

Respectfully submitted,

/s/ Megan K. McCarthy
MEGAN K. MCCARTHY (7279M71K)
Attorney for Defendant First Acceptance Insurance Company

OF COUNSEL:
Ball Ball Matthews & Novak, P.A.
445 Dexter Avenue, Suite 9045
Montgomery, AL 36104-3890
(334) 387-7680, Ext 180
(334) 386-0056 (direct)
(334) 387-3222 (fax)
Email:  mmccarthy@ball-ball.com

**CERTIFICATE OF SERVICE**

I hereby certify that on August 23, 2024, an exact copy of the foregoing instrument has been served (a) through the Court's e-filing system; (b) by placing a copy of the same in the United States Mail, postage prepaid and properly addressed; and/or (c) by personal/firm email to the following attorneys:

Leston C. Stallworth, Jr., Esq.
The Stallworth Law Firm LLC
PO Box 1142

Monroeville, AL  36461-1142
Telephone:  (334) 462-1259
Email: lawles1@frontiernet.net
(Attorney for the Plaintiff)

/s/ Megan K. McCarthy
OF COUNSEL