IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KENVA BOYD, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | CIV. ACT. NO. 2:24-cv-299-TFM-N |
| | ) | |
| FIRST ACCEPTANCE INSURANCE | ) | |
| COMPANY, INC. | ) | |
| | ) | |
| **Defendant.** | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is *Defendant First Acceptance Insurance Company, Inc.'s Supplemental Motion for Summary Judgment* and brief in support.    (Docs. 52, 53, filed 08/08/2025).    Plaintiff filed a response and Defendant filed a reply.    Docs. 54, 55.    Having considered the motion, response, reply, and the relevant law, the Court finds the motion for summary judgment is due to be **GRANTED**.

## I.    PARTIES AND JURISDICTION

Plaintiff Kenva Boyd ("Plaintiff"), resides in Selma, Alabama and is a citizen of Alabama. Defendant First Acceptance Insurance Company, Inc. ("Defendant") is a corporation organized under the laws of Texas with its principal place of business in Tennessee and is therefore a citizen of Texas and Tennessee.    *See* 28 U.S.C. § 1332(c)(1).

The amount in controversy exceeds $75,000, exclusive of interest and costs.    Accordingly, this Court has subject matter jurisdiction over the claims in this action pursuant to 28 U.S.C. § 1332 (diversity jurisdiction). The parties do not contest jurisdiction or venue and the Court finds sufficient support exists for both.

## II.   BACKGROUND

### A.   Factual Background

On or about August 17, 2023, Plaintiff was riding as a passenger in her vehicle driven by her son, Kendeall Mitchell ("Mitchell"), when he collided with another car, causing damage to that car. *See* Doc. 52-5 at 3-4. At the time of the accident, Mitchell was under the age of 25 and resided in the household with Plaintiff. Mitchell was not added to the Policy after he turned 15, and Plaintiff never alerted Defendant that Mitchell received his driver's license nor that he was driving her vehicle on a regular basis. *See* Doc. 52-5 at 9-10.

The vehicle that Mitchell drove was owned by Plaintiff. Defendant First Acceptance Insurance Company, Inc., issued Alabama Liability Coverage Policy CSAL 315467 ("the Policy") to Plaintiff. Mitchell, who drove the vehicle when the August 17, 2023 automobile accident occurred, was not a listed driver on the Policy and, at the time of the automobile accident, was eighteen (18) years old. *See* Doc. 52-1 at 40; Doc. 52-5 at 16. The Policy was in effect at the time of the August 17, 2023 automobile accident.

### B.   Procedural Background

Plaintiff filed her original complaint in the Circuit Court of Dallas County on July 23, 2024. Doc. 1-2. Defendant timely removed to this Court under 28 U.S.C. § 1332, 1441, and 1446(a). *See* Doc. 1, Doc. 7. On October 3, 2024, Defendant filed its answer. Doc. 10. In November 2024, Plaintiff sought leave to amend her complaint, which the Court granted. *See* Docs. 26, 29, 30. On December 6, 2024, Plaintiff filed her amended complaint asserting claims of breach of contract

Page 2 of 9

and bad faith denial of insurance claim.  *See* Doc. 31.[1]

On December 20, 2024, Defendant filed a motion to dismiss or alternative motion for summary judgment.  Doc. 37.  Plaintiff filed a response in opposition and Defendant filed a reply. Docs. 39, 41.  On May 2, 2025, Defendant filed a supplemental motion for summary judgment, which included exhibits.  Thus, because of the inclusion of exhibits, the Court entered an order denying Defendant's previous motion to dismiss and reopening briefing for summary judgment. *See* Doc. 50.  After the entry of that order, Defendant filed the instant supplemental motion for summary judgment and memorandum of law.  Docs. 52, 53.  Plaintiff filed a response in opposition, and Defendant filed a reply.  *See* Docs. 54, 55.  Though a review of the pleadings indicates that all of the arguments are covered in the new briefings (Docs. 52, 52, 54, 55), the Court will consider all arguments made by both parties in support of and against summary judgment in the earlier briefings as well (Docs. 37, 39, 41, 49).

The Court finds oral argument unnecessary to resolve the issues that are raised in the motion for summary judgment, and therefore, the motion for summary judgment is ripe for adjudication.

### III.    STANDARD OF REVIEW

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary

---

[1] That same day, Plaintiff filed a motion to amend or correct the amended complaint because Plaintiff inadvertently did not include a jury demand.  *See* Doc. 32.  The Court granted the motion in part and considered the failure to include the jury demand in the amended complaint was a mere scrivener's error as the case was already set for a jury trial.  *See* Doc. 33.

judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). "[T]he substantive law will identify which facts are material." *Id.* at 248. At the summary judgment stage, the court does not "weigh the evidence and determine the truth of the matter," but solely "determine[s] whether there is a genuine issue for trial." *Id.* at 249. The "evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [her] favor." *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 999 (11th Cir. 1992) (internal citations and quotations omitted). An issue is genuine if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Mize v. Jefferson City Bd. of Educ.*, 93 F.3d 739, 742 (11th Cir. 1996) (citing *Hairston v. Gainesville Sun Publ'g Co.*, 9 F.3d 913, 918 (11th Cir. 1993)). For factual issues to be considered genuine, they must have a real basis in the record. *Id.*

The party asking for summary judgment bears the initial burden of showing the material fact that should be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id*. at 322-23. A party must support its assertion that there is no genuine issue of material fact by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations…admissions, interrogatory answers, or other materials" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). The admissibility of evidence is subject to the same standards and rules that govern admissibility of evidence at trial. *Clemons v. Dougherty County,* 684 F.2d 1365, 1369 n.5 (11th Cir. 1982) (citing *Pan-Islamic Trade Corp. v. Exxon Corp.*, 632 F.2d 539, 556 (5th Cir. 1980).

"When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Jeffery v. Sarasota White Sox, Inc.*, 64 F.3d 590, 593-94 (11th Cir. 1995) (internal quotations omitted)(citing *Celotex*, 477 U.S. at 324). The court must view facts and draw all reasonable inferences in favor of the non-moving party. *Moore v. Reese*, 637 F.3d 1220, 1231 (11th Cir. 2011) (citing *Rosario v. Am. Corrective Counseling Servs., Inc.*, 506 F.3d 1039, 1043 (11th Cir. 2007)). However, to avoid summary judgment, the non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. V. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citations omitted). Conclusory assertions, unsupported by specific facts, presented in affidavits opposing the motion for summary judgment are likely insufficient to defeat a proper motion for summary judgment. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990).

Finally, Fed. R. Civ. P. 56(e) also provides that "[i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order." FED. R. CIV. P. 56(e).

## IV.    DISCUSSION AND ANALYSIS

Defendant argues it is entitled to summary judgment on Plaintiff's claims because there is not an issue of material fact that Mitchell was not an insured as defined in the Policy and was not a listed driver on the Policy at the time of the subject automobile accident.  Doc. 53 at 12.

Specifically, Defendant argues liability coverage under the Policy is not available because Mitchell was not an insured, as defined by the Policy, because, at the time of the subject automobile accident, he was under the age of twenty-five (25), resided with Plaintiff, and was not listed on the Policy as a driver. *Id.* at 8-14.

> A federal court sitting in diversity, as in this case, must apply the choice of law principle of the state in which it sits. In determining which state's law applies in a contract dispute, Alabama follows the principle of *lex loci contractus*, applying the law of the state where the contract was formed. *Cherokee Ins. Co., Inc. v. Sanches*, 975 So. 2d 287, 292 (Ala. 2007).

*St. Paul Fire & Marine Ins. Co. v. ERA Oxford Realty Co. Greystone, LLC*, 572 F.3d 893, 894 n.1 (11th Cir. 2009). Here, the Policy is an Alabama insurance policy, so Alabama's substantive law applies.

> It is well established . . . that when doubt exists as to whether coverage is provided under an insurance policy, the language used by the insurer must be construed for the benefit of the insured. Likewise, when ambiguity exists in the language of an exclusion, the exclusion will be construed so as to limit the exclusion to the narrowest application reasonable under the wording. *Guar. Nat'l Ins. Co. v. Marshall Cnty. Bd. of Educ.*, 540 So. 2d 745 (Ala. 1989). However, it is equally well settled that in the absence of statutory provision to the contrary, insurers have the right to limit their liability by writing policies with narrow coverage. If there is no ambiguity, courts must enforce insurance contracts as written and cannot defeat express provisions in a policy, including exclusions from coverage, by making a new contract for the parties. *Johnson v. Allstate Ins. Co.*, 505 So. 2d 362 (Ala. 1987).

*Porterfield v. Audubon Indem. Co.*, 856 So. 2d 789, 800 (Ala. 2002) (quoting *St. Paul Mercury Ins. Co. v. Chilton-Shelby Mental Health Ctr.*, 595 So. 2d 1375, 1377 (Ala. 1992)).

Thus the Court starts with the Policy language itself and applies the above Alabama law. The Policy provides liability coverage "for bodily injury or property damage for which any insured becomes legally responsible because of an auto accident," subject to certain terms and conditions. The "Liability Coverage" section of the Policy provides:

DEFINITIONS (Part A only)

Insured as used in this Part means:

1.      You, any relative or resident for the ownership, maintenance or use of the insured auto.

2.      You while operating any non-owned auto with the permission of the owner.

3.      Any person driving the insured auto with your permission and within the scope of such permission.

Insured does not mean:

A driver who is not listed on this policy who:

1.      is under the age of twenty-five (25); or

2.      resides in the same household as the named insured; or

3.      is a regular or frequent operator of any vehicle insured under this policy; and is involved in an accident which occurs while the automobile is being driven, operated, manipulated, maintained, serviced or used in any other manner by this person.  This limitation shall apply whether or not the named insured is occupying the vehicle at the time the said driver is using it in any manner, whatsoever.  This limitation shall not apply if this policy is certified as proof of financial responsibility.

Doc. 52-1 at 14.

The Policy further provides:

CHANGES

The premium charged is based on information we have received from you or other sources.  You agree:

1. That if any of this information material to the development of the policy premium is incorrect, incomplete or changed, we may adjust the premium accordingly during the policy period.
2. To cooperate with us in determining if this information is correct and complete, and to advise us of any changes during the policy period within seven (7) days of the change.

Doc. 52-1 at 30.  Additionally, the application for the insurance policy, which was signed by

Plaintiff, provides:

I understand it is my obligation to report to Acceptance any change in driving status for any person currently listed, added on my policy, residing in my household, or who owns or operates my listed auto(s).

\*\*\*

> By purchasing this policy it is my obligation to give the Company prior notification of any changes in the statements and information contained in this application. Failure to notify the Company of such changes is a misrepresentation that may materially affect the risk accepted by the Company and may render my policy null and void, in accordance with applicable state law.

Doc. 52-1 at 45, 46.

The Court finds the terms of the Policy unambiguous. Per the Policy, liability coverage is not provided for a driver who is not listed on the Policy and is under the age of twenty-five (25). Doc. 52-1 at 7. The Policy was effective at the time of the underlying automobile accident. Mitchell operated the vehicle that was insured by the Policy when the vehicle was involved in the underlying automobile accident, and when the accident occurred, he was not listed as a driver on the Policy and was under the age of twenty-five. Doc. 52-1 at 40; Doc. 52-5 at 16. The Court finds that the Policy terms are clear and unambiguous.

Plaintiff asserts that whether she was legally responsible for the accident is a disputed fact. However, Plaintiff herself stated in her deposition that she did not do anything to cause or contribute to the accident. Doc. 52-5 at 15-16. Plaintiff chose to enter into an agreement with the insurance company of the other driver in the accident to agree to pay a certain amount of money to keep her son's license from being suspended. *See id.* at 17. Plaintiff's agreement to pay this amount of money only makes her legally responsible by separate contract for the damages from the accident. It is a separate and independent contract between her and the other driver's insurance. It has no bearing on the contract between Plaintiff and her own insurance company. Plaintiff entered into the agreement on her own accord, and her choice to enter into a separate agreement cannot obligate Defendant to provide coverage where none otherwise exists. To permit otherwise would let any person to circumvent the clear terms of their insurance contracts. Therefore, any

contract between her and the other driver has no bearing on the Policy and its terms.

Additionally, Plaintiff argues that Mitchell was an eligible household member because Defendant did not solicit Plaintiff to add her son as a driver.  However, the insurance agreement clearly states that Plaintiff is obligated to update Defendant as to any change in the driver status of any of her household members.  *See* Doc. 52-1 at 30, 45-46.  It is not incumbent on Defendant to "check in" and ask if her son has obtained his license or drives her vehicle.

The Court finds Defendant did not breach the insurance agreement by denying coverage related to the August 17, 2023 automobile accident, and therefore also did not act in bad faith in denying such coverage.  According, summary judgment is due to be granted in favor of the Defendant.

## V.   CONCLUSION

Accordingly, Defendant First Acceptance Insurance Company, Inc.'s Motion for Summary Judgment (Doc. 52) is **GRANTED**.  It is therefore, **ORDERED, ADJUDGED, and DECREED** that judgment is entered in favor of the Defendants and against the Plaintiffs.

A separate judgment will be entered pursuant to Fed. R. Civ. P. 58.

**DONE** and **ORDERED** this 20th day of May 2026.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE